UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATRICK SPENGLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CDCR, et al., <br><br> Defendants. | No. 1:24-cv-00817-KES-SAB (PC) <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br><br> Doc. 17 |

Plaintiff Michael Patrick Spengler Jr., a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 on June 3, 2024, in the United States District Court for the Eastern District of California, Sacramento Division. Doc. 1. The case was transferred to the Fresno Division of this Court on July 16, 2024. Doc. 7. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On July 18, 2024, the assigned magistrate judge ordered plaintiff to pay the $405.00 filing fee or submit a proper application to proceed in forma pauperis by a prisoner within 45 days. Doc. 9. Plaintiff did not comply with that order. Therefore, on September 18, 2024, the magistrate judge ordered plaintiff to show cause within 14 days as to why the action should not be dismissed for failure to prosecute and failure to comply with a court order. Doc. 15. Plaintiff did not respond to the order to show cause, which was returned on September 30, 2024, as "Undeliverable, Deceased 8/19/24." *See* docket.

1

On October 15, 2024, the magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice. Doc. 17. Specifically, the magistrate judge found that the relevant factors—that is, the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions— weigh in favor of dismissing the case without prejudice as a sanction for plaintiff's failure to prosecute and obey court orders. *Id.* at 2–3; *see Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (failure to comply with a court order). Those findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within 14 days after service. Doc. 17 at 3. On October 30, 2024, the findings and recommendations were returned as "Undeliverable, Deceased 8/19/2024" and no objections have been filed. *See* docket.

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of the case. Having carefully reviewed the file, the Court finds that the conclusion that the public's interest in expeditious resolution of litigation and the court's need to manage its docket weigh in favor of dismissal are supported by the record and by proper analysis. Dismissal in light of the remaining factors is also supported by the record.

The risk of prejudice to the defendants favors dismissal in this case. While "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted," courts also relate the "risk of prejudice to the plaintiff's reason for defaulting." *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999) (citations omitted). Here, plaintiff appears to be deceased, and the Court lacks personal jurisdiction over the defendants and has no reasonable prospect of acquiring jurisdiction.

The availability of less drastic sanctions also weighs in favor of dismissal because there are no feasible alternatives. *See Henderson*, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives."). Although Federal Rule of Civil Procedure 25 permits a decedent's successor or representative to file a motion for substitution within ninety days of

2

1 service of a statement noting the death, adherence to this procedure is not feasible in this case. To
2 trigger the ninety-day period for filing a motion for substitution, the suggestion of death must be
3 served upon a non-party successor or representative of the deceased party in accordance with
4 Rule 4. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The burden of serving successors
5 or representatives is placed on the "suggesting" party. *Id.* at 233. There is no "suggesting party"
6 in this case; plaintiff's death has come to the Court's attention through a notice on the returned
7 envelope. *See* docket. Because this matter has not yet been screened, the defendants have not
8 been served or formally appeared in this action and the Court lacks personal jurisdiction over
9 them. Additionally, there has not been any determination as to whether the complaint alleges
10 viable claims against the defendants. *See O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008)
11 (prisoner complaint deemed filed only after court identifies cognizable claims). As there is no
12 party before the Court who could identify successors or representatives of the deceased plaintiff
13 and effectuate service of a statement noting death, the lack of meaningful alternatives weighs in
14 favor of dismissal.[1]

15 Although public policy favors deciding cases on the merits, this factor does not outweigh
16 the other factors. Therefore, dismissal of this action is warranted. *See Yourish*, 191 F.3d at 990
17 (dismissal appropriate when supported by four factors, or strongly supported by three factors).
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25

---

26 [1] *See Irby v. Naranjo*, No. 2:21-cv-01039-KJM-JDP (PC), 2022 WL 224257, at *1 n.1 (E.D. Cal. Jan. 25, 2022), *report and recommendation adopted*, No. 2:21-cv-01039-KJM-JDP (PC), 2022
27 WL 584213 (E.D. Cal. Feb. 25, 2022) (dismissal without prejudice for failure to prosecute appropriate where Court was notified of plaintiff's death by party named as defendant but who
28 had not yet been served or appeared in action).

Accordingly:

1. The findings and recommendations issued on October 15, 2024, Doc. 17, are adopted;
2. This action is dismissed without prejudice for failure to prosecute and failure to obey a court order; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: June 20, 2025

_____
UNITED STATES DISTRICT JUDGE